UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLEMIT HAYMORE D/B/A
CT TRUCKING                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 3:19CV365TSL-RHW

SHELTER GENERAL INSURANCE
COMPANY AND SHELTER MUTUAL
INSURANCE COMPANY                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Shelter General Insurance Company (Shelter General) for summary judgment or, in the alternative, partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Clemit Haymore d/b/a CT Trucking has responded in opposition to the motion. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion should be denied.

In June 2017, plaintiff made a claim for benefits under his Shelter General commercial auto policy for a loss due to the alleged theft of a 1993 Peterbilt truck and 1980 Timpte hopper bottom trailer insured under the policy. In this action, he seeks actual and punitive damages for Shelter General's alleged wrongful denial of this claim. Shelter General contends it is entitled to summary judgment as to plaintiff's claim for coverage because the undisputed evidence shows that plaintiff

1

lacked an insurable interest in the truck and trailer and because he violated his duty to cooperate with Shelter General's investigation of his claim. In the court's opinion, however, there is a genuine issue of material fact on both these issues. Shelter General contends, in the alternative, that it is at least entitled to summary judgment on plaintiff's claim for punitive damages since it had a legitimate or arguable basis for denial of the claim. The court, however, is not persuaded that summary judgment is in order on this claim, either.

Summary Judgment Standard

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Fed. R. Civ. P. 56.

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. See Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. Anderson, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. Id. at 250.

Insurable Interest:

"The general rule in Mississippi … is that an insurable interest must exist in an insured when the contract is entered for it to be effective." Miss. Farm Bureau Mut. Ins. Co. v. Todd, 492 So. 2d 919, 931 (Miss. 1986) (citing Southeastern Fidelity Ins. Co. v. Gann, 340 So. 2d 429 (Miss. 1976)). Shelter General argues that plaintiff has no evidence that he had legal title to the subject truck and trailer or otherwise had an insurable interest inthem. It is undisputed that plaintiff did not hold legal title to the subject equipment at the time coverage was procured or at the time of the loss. To the extent Shelter General suggests that legal title is required to establish an insurable interest, its position is rejected. Obviously, a party who holds legal title has the requisite

3

insurable interest.[1]  "However, the fact that a party does not have legal title does not necessarily foreclose a conclusion he/she has an insurable interest," id., as "the Mississippi Supreme Court has found an insurable interest in property even though legal title was elsewhere where the insured would suffer economic loss if the property was destroyed," id. (citing Gann, 340 So. 2d at 433-34).

Furthermore, based on its review of the record, the court is of the opinion that there is sufficient evidence that plaintiff, in fact, purchased the equipment – truck and trailer – prior to procuring the subject insurance coverages.  Plaintiff has testified at length regarding the circumstances of his purchase of the trailer and the truck.[2]  Moreover, a report of investigation prepared by or on behalf of Shelter General in July 2017 reflects that Wanda Nelson, the individual from whom plaintiff reported that he purchased the subject vehicle,

---

[1]  In Mississippi, the sale of a motor vehicle is not considered consummated until the certificate of title is properly transferred and delivered to the purchaser; until this occurs, the seller is regarded as in possession of legal title to the vehicle. See Anderson v. State Farm Mut. Auto. Ins. Co., No. CIVA 3:05CV433 LA, 2006 WL 2701193, at *2-3 (S.D. Miss. Sept. 19, 2006) (citing Miss. Code Ann. § 63-21-31); see also Hicks v. Thomas, 516 So. 2d 1344, 1346 (Miss. 1987) (this statute "accepts certainty of title as our primary value.").

[2]  The court finds unpersuasive Shelter General's argument that without *documentation* substantiating these purchases, plaintiff's testimony does not constitute adequate proof of his purchase.

4

informed Shelter General's investigator that plaintiff gave her cash in the amount of $8,250 to purchase the truck. The court is aware, of course, that Nelson's name was not reflected on the certificate of title she provided to plaintiff at the time of the putative sale. Rather, the title owner was shown as James Cregar. There is evidence in the record, however, which suggests that Nelson and Cregar were related in some way and that she was acting on Cregar's behalf and/or that Cregar had previously sold the vehicle to Nelson. Moreover, the evidence shows that plaintiff ultimately did obtain and produce a certificate of title in his name, which, although dated after the subject loss, does tend to support his explanation regarding his purchase of the vehicle prior to the loss.

Failure to Cooperate:

Shelter General argues that even if plaintiff had an insurable interest, coverage was properly denied because plaintiff failed to cooperate with Shelter General's investigation by not producing documents requested by Shelter General, in breach of his contractual duty of cooperation. In this regard, the Shelter General policy states that Shelter General has "no duty to provide coverage under this policy unless there has been full compliance with the following duties . . . Cooperate with us in the investigation or settlement of the claim or defense against the 'suit.'"

5

"When an insurance company seeks to avoid the coverage of an insurance policy on the ground of breach of the cooperation clause, it is an affirmative defense. The insurance company carries the burden of proof and must establish the fact of failure of cooperation by a preponderance of the evidence." Employers Mut. Cas. Co. v. Ainsworth, 164 So. 2d 412, 417-18 (Miss. 1964). Shelter General asserts that despite repeated requests, plaintiff refused to provide documentation that it needed to investigate his claim. It notes that initially, following a July 6, 2017, interview, its investigator, J.D. Brooks, advised plaintiff generally that he needed to gather and present information to show that he had legal ownership of the truck and trailer in order for Shelter General to process his claim. Then, in August 2017, counsel for Shelter General scheduled an examination under oath (EUO) and provided a list of documents for plaintiff to bring to the EUO. Shelter General asserts that because plaintiff failed to bring all the documents requested,[3] counsel sent him another letter on December 5, 2017,

---

[3] Shelter General states that although it originally scheduled plaintiff's examination under oath (EUO) for September 18, 2017, in Jackson, Mississippi, plaintiff "failed to show up for the scheduled examination" and "later blamed his absence on health-related issues." His EUO was rescheduled for October 2, 2017 in New Orleans. Plaintiff has explained that he did not "fail to show up" for the first scheduled EUO but rather contacted Shelter General's counsel *in advance* and advised that he would not be able to attend due to health issues.

6

outlining still missing documents that were needed to process the claim. When he still did not respond, it sent him yet another request for documents on March 27, 2018. When he again did not respond, it denied his claim for noncooperation.

As noted by Shelter General, under Mississippi law, an insured's failure to submit to an examination under oath and/or failure to provide financial or other pertinent information constitutes a material breach of the insurance contract which voids coverage. Mullen v. Miss. Farm Bureau Cas. Ins. Co., 98 So. 3d 1082, 1087 (Miss. Ct. App. 2012). What Shelter General fails to note, though, is that the court in Mullen held that "these principles apply where there is a *willful* refusal to comply with the policy provisions, not when the insured had complied and indicated willingness to continue to comply with the policy provisions." Thomas v. Allstate Vehicle & Prop. Ins. Co., No. 1:17CV64-LG-RHW, 2017 WL 5196947, at *2-3 (S.D. Miss. Nov. 7, 2017), aff'd, 762 F. App'x 199 (5th Cir. 2019) (explaining Mullen, 98 So. 3d at 1089). In the case at bar, there is ample evidence to support plaintiff's position that he never willfully refused to cooperate by withholding documentation or in any other way. Plaintiff maintains and has presented evidence tending to show that he cooperated with Shelter General's investigation as best as he was reasonably able by providing all the documents in his possession or to

which he could readily obtain access and by signing a release granting Shelter General access to broad categories of financial and other documents from myriad sources. In view of this evidence, the court concludes that there is a genuine issue of material fact as to the willfulness of plaintiff's alleged failure to cooperate. See Glinsey v. Allstate Prop. & Cas. Ins. Co., No. 3:11CV218-DPJ-FKB, 2012 WL 1458226, at *5 (S.D. Miss. Apr. 27, 2012) (finding that jury should assess the willfulness of insured's alleged noncompliance with duty to cooperate where insured claimed that "she provided all her agent requested and that she has now offered all that is available."); cf. Allison v. State Farm Fire & Cas. Co., 543 So. 2d 661, 66 (Miss. 1989) (affirming summary judgment for insurer where insureds refused to sign release forms permitting insurer to review their financial records and during their EUO refused to produce financial records or answer questions regarding their financial status).[4]

---

[4] The Mississippi Supreme Court has held that an insured's failure to cooperate with the insurance carrier in its investigation "does not operate to forfeit the insured's rights under the policy" "unless some prejudice is shown" to have resulted from that failure. Progressive Gulf Ins. Co. v. Dickerson And Bowen, Inc., 965 So. 2d 1050, 1055 (Miss. 2007). Shelter General argues that it was prejudiced when plaintiff, in an effort to execute a Correction of Title for the truck so he could get it titled in his name, asked the sheriff's office to remove the truck and trailer from the National Insurance Crime Bureau (NICB) stolen vehicles list so that he could get them titled in his name, but then failed to have them put back on the

8

Punitive Damages

Shelter General contends that even if there is a genuine issue of material fact precluding summary judgment as to coverage, it at least had an arguable basis for denying plaintiff's claim so that the court should grant partial summary judgment on plaintiff's punitive damages claim. To establish a claim for punitive damages in the context of a bad faith claim under Mississippi law, the plaintiff must establish three factors: (1) the insurer had a contractual obligation to him; (2) the insurer lacked an arguable or legitimate basis for its delay in paying his claim; and (3) its failure to pay resulted "'from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort.'" James v. State Farm Mut. Auto. Ins. Co., 743 F.3d 65, 70 (5th Cir. 2014) (quoting Jeffrey Jackson, Miss. Ins. Law and Prac. § 13:2 (2012) (internal quotation marks and citations omitted)). The question of whether the insurer had an arguable basis for denying the claim "is an issue of law for the

---

list after he received his new title on August 3. The record reflects that plaintiff requested that the sheriff temporarily remove the equipment off the list "until I receive title to change in my name for insurance purposes," as Shelter General had said was required. Even assuming plaintiff failed to ask to have the equipment placed back on the NICB list, Shelter General does not suggest, nor does there appear to be any basis for finding that this omission was other than inadvertent, and certainly nothing to suggest it was willful.

9

court." Broussard v. State Farm Fire & Cas. Co., 523 F.3d 618, 628 (5th Cir. 2008). The court is not persuaded at this time that Shelter General has demonstrated that it is entitled to summary judgment on plaintiff's punitive damages claim[5] and therefore will deny the request for partial summary judgment.[6]

Conclusion

Based on the foregoing, it is ordered that Shelter General's motion for summary judgment or, in the alternative, for partial summary judgment, is denied.

SO ORDERED this 25th day of March, 2020.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[5] Shelter General argues that it is entitled to summary judgment on plaintiff's punitive damages claim based on evidence of plaintiff's failure to cooperate and because plaintiff "could not show he legally owned either piece of equipment and could not show how he came into possession by way of a bill of sale or bank statements." However, because Shelter General denied plaintiff's claim based solely on his alleged failure to cooperate in its investigation, that is the only defense available to it on the punitive damages claim. See Hayes v. Allstate Prop. & Cas. Ins. Co., No. 3:17CV750TSL-RHW, 2019 WL 3022196, at *6 (S.D. Miss. July 10, 2019) (explaining that "[w]hile an insurer is not limited to the stated basis for denial in undertaking to show that no coverage exists, if it is ultimately determined that an insured's claim is covered, then for purposes of determining whether there was an arguable basis for the insured's denial of coverage, that is, for extra-contractual/punitive damages purposes, the court considers 'solely ... the reasons for denial of coverage given to the insured by the insurance company.'") (quoting Sobley v. S. Nat. Gas Co., 210 F.3d 561, 564 (5th Cir. 2000)).

[6] The court will revisit the issue if plaintiff prevails at trial on the coverage issue.