```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION


CLEMIT HAYMORE D/B/A
CT TRUCKING                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 3:19-cv-365-TSL-RHW

SHELTER GENERAL INSURANCE
COMPANY AND SHELTER MUTUAL
INSURANCE COMPANY                                       DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motions of defendants Shelter General Insurance Company (Shelter General) and Shelter Mutual Insurance Company (collectively Shelter) to exclude the testimony of plaintiff's expert, Olie R. Jolstad, pursuant to Rule 702 of the Federal Rules of Civil Procedure and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Defendants have also moved to strike a supplemental report filed with plaintiff's response to defendants' motion to strike. Plaintiff Clemit Haymore d/b/a CT Trucking has responded in opposition to these motions. The court, having considered the expert report in light of the memoranda of authorities submitted by parties, concludes that the motion to exclude Jolstad's original expert report should be

granted in part and denied in part as set forth below. The motion to strike the supplemental report will be denied.[1]

In June 2017, following the alleged theft of a certain 1993 Peterbilt tractor-truck and 1980 Timpte hopper bottom trailer, plaintiff made a claim for payment under his Shelter General policies which provided coverage for the truck and trailer, including coverage against loss by theft. Following an investigation, Shelter General denied plaintiff's claim for the ostensible reason that he had breached his duty to cooperate in its investigation by failing to produce documents which Shelter General had requested and which it contended were material to its investigation. Plaintiff brought the present action seeking actual and punitive damages based on allegations that Shelter General failed to adequately investigate his claim and denied his claim wrongfully and in bad faith. In response, Shelter General maintains that the claim was properly denied, and that it did not act in bad faith, both because of plaintiff's failure to cooperate and because he had no insurable interest in the

---

[1] Defendants object to the supplemental report on the basis that it is untimely. However, the supplemental report, which was submitted with plaintiff's response to the motion to strike, adds no new opinions but rather identifies discovery materials reviewed by Jolstad which confirmed the opinions contained in his original expert report. Given the nature of the report, the court does not consider that it is untimely, nor does the court consider that defendants would be unfairly prejudiced if it is not stricken.

2

truck or trailer when the policy was issued or when they were allegedly stolen.

In support of his claims for coverage and for bad faith denial, plaintiff designated Olie R. Jolstad as an expert witness to testify in regard to insurance claims adjusting, handling and practices. Jolstad provided an expert report setting forth his opinions relating to plaintiff's claims herein. Shelter seeks exclusion of Jolstad's testimony, contending that it does not meet the standards for admissibility established by Rule 702 and Daubert.

Standards for Admissibility of Expert Testimony

Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." In Daubert, the Supreme Court instructed district courts to act as gatekeepers, to ensure that only reliable and relevant expert testimony from qualified expert witnesses be presented to the jury. Daubert, 509 U.S. at 590-93, 113 S. Ct. 2786. To be reliable, expert testimony must "be grounded in the methods and procedures of science and ... be more than unsupported speculation or subjective belief." Johnson v. Arkema, Inc., 685 F.3d 452, 459 (5th Cir. 2012)

3

(internal citation omitted).  To be relevant, the expert's "reasoning or methodology [must] be properly applied to the facts in issue."  Id. (internal citation omitted).

In evaluating an expert's proposed testimony for admissibility, "the court's main focus should be on determining whether the expert's opinion will assist the trier of fact." Puga v. RCX Sols., Inc., 922 F.3d 285, 293 (5th Cir. 2019) (citation omitted).  See Bocanegra v. Vicmar Servs., Inc., 320 F.3d 581, 584 (5th Cir. 2003) (citing Daubert, 509 U.S. at 591–92, 113 S. Ct. 2786, 125 L. Ed. 2d 469) ("[E]xpert testimony must be relevant, not simply in the sense that all testimony must be relevant, Fed. R. Evid. 402, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue.").  "Assisting the trier of fact means 'the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument.'"  Puga, 922 F.3d at 293-94 (quoting Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992)).  Ultimately, "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."  Vogler v. Blackmore, 352 F.3d 150, 156 n.5

4

(5th Cir. 2003) (quoting Fed. R. Evid. 702 advisory committee's note).

### Jolstad's Opinions

In his report, Jolstad offers three general opinions which he purports to support by additional findings. These are considered in turn. First, Jolstad states:

> CT Trucking paid the premium charged by Shelter, and the policy Shelter sold to CT Trucking was in full force and effect at the time of the theft. The Peterbilt Tractor, and Timpte Hopper Bottom trailer being both listed in the Declarations Page, and are thus insured under the applicable Shelter policy.

He adds that based on "the clear and ambiguous meaning of the policy wording … and based on insurance industry custom and practice," theft is a covered peril; and, he offers his understanding of "the plain and ordinary meaning of the word 'theft'", as used in the policy.

This proposed testimony will be excluded. Expert testimony as to these matters is hardly necessary, as there does not appear to be any dispute that plaintiff paid the policy premium; that the subject truck and trailer were listed in the declarations page; that they were covered autos under the terms of the policy; that the policy covers "theft"; and that when property is stolen, a "theft" has occurred. To the extent that any of these are disputed issues of fact, the jury is capable of assessing the evidence without expert input. Moreover, contract

5

interpretation is a question of law for the court; and while "[e]xperts have been permitted to testify about the proper interpretation of contract terms . . . when the meaning depends on trade practice . . . such expert testimony is admissible only if the contract language is ambiguous or involves a specialized term of art, science or trade." Suzlon Wind Energy Corp. v. Shippers Stevedoring Co., 662 F. Supp. 2d 623, 668 (S.D. Tex. 2009) (collecting cases). Clearly, that is not the case here. See Russ v. Safeco Ins. Co. of Am., No. 2:11CV195-KS-MTP, 2013 WL 1310501, at *19 (S.D. Miss. Mar. 26, 2013) (rejecting expert testimony "interpret[ing] a straightforward Policy provision, and offer[ing] a legal conclusion based on the Policy provision.").

Jolstad next opines that

> Haymore has shown ownership of the Peterbilt Tractor and Timpte Trailer based on a preponderance of the evidence, and thus would be entitled to benefits due under applicable Shelter policy.

In support, Jolstad offers his view that while Haymore could have done a better job of handling the paperwork relating to the transfer of title, nevertheless, he did provide, and Shelter General was in possession of "sufficient proof based on the preponderance of evidence" that Haymore paid cash to one Wanda Nelson for the vehicle. Jolstad states: "An offer and acceptance, and a transfer of something of value definitely

6

occurred with the sale and acquisition of the Peterbilt by Haymore. As an adjuster, I fail to see how an objective and fair assessment can prove otherwise."

Jolstad's proposed testimony on these matters will also be excluded.

> Though Federal Rule of Evidence 704 "abolishes the *per se* rule against testimony regarding ultimate issues of fact," neither it nor Rule 702 permit an expert to testify as to legal conclusions or to offer "evidence which wastes time," such as "opinions which would merely tell the jury what result to reach." FED. R. EVID. 704 advisory committee's note (stating "[u]nder Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . . They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria."); Owen v. Kerr-McGee Corp., 698 F.2d 236, 239-40 (5th Cir. 1983) (citing United States v. Grote, 632 F.2d 387, 390 (5th Cir. 1980)).

Shoemake v. Rental Serv. Corp., No. 1:06CV426HSOJMR, 2008 WL 215818, at *3 (S.D. Miss. Jan. 22, 2008). See also United States v. Harvey, 405 F. Supp. 3d 667, 672 (S.D. Miss. 2019) (quoting United States v. Haines, 803 F.3d 713, 733 (5th Cir. 2015)) (while "[e]xperts are entitled to opine on facts when their expertise would assist the jury . . . they 'may not form conclusions for a jury that they are competent to reach on their own.'").

Jolstad lastly offers the following opinion:

7

> Shelter lacks a legitimate basis to deny Haymore's
> claim. Shelter's conduct demonstrates willful,
> malicious, gross and reckless disregard for Haymore's
> entitlement to benefits due under the Shelter policy
> at issue.

Summarizing, Jolstad asserts, as the principal basis for this opinion, that Haymore did not fail to cooperate in Shelter General's investigation, as he, *inter alia*, explained his purchase transactions to Shelter General, unorthodox as they may have been; produced everything Shelter General requested that was reasonably within his capability to produce; signed a release giving Shelter General access to a broad range of documents and information; agreed to an examination under oath at Shelter's request and cooperated with the examination. Jolstad asserts that notwithstanding all this, Shelter General pretextually made unreasonable demands on Haymore to produce a "laundry list" of documents and information that did not exist (and which it knew did not exist), and/or that were not relevant to its investigation and/or that Shelter General, in accordance with industry custom and practice, should have obtained itself rather than placing the onus on Haymore to do so. He concludes that under the circumstances, Shelter General's demand that Haymore produce such documents and information

> was unreasonable and unnecessary, such that Shelter's
> denial lacks an arguable or legitimate basis to deny
> coverage. The information Shelter demanded Haymore
> produce, being unreasonable, unnecessary, or provided
> and rejected by Shelter, demonstrates willful, and

8

> malicious conduct that was gross, and reckless, and disregarded Haymore's rights, which is breach of insurance industry custom and practice.

In the court's opinion, given his expertise in the subject area based on his decades of experience in claims adjustment and his resulting knowledge and understanding of industry customs and standards, Jolstad may properly offer opinions regarding the alleged inappropriateness of Shelter's actions in the investigation/adjustment of plaintiff's claims, which may include his opinion as to the respective duties of the insurer and insured in the context of claims adjustment. While Shelter objects that such proposed testimony is not reliable as Jolstad has not identified the specific industry standards or customs on which he purports to base his opinion, the Fifth Circuit has held that "'[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" <u>United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.</u>, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting <u>Viterbo v. Dow Chemical Co.</u>, 826 F.2d 420, 422 (5th Cir. 1987)).

That said, while Jolstad may state his opinion as to the extent of an insured's duties, e.g., to provide documentation requested by the insurer, he is not permitted to testify that plaintiff did not fail to cooperate, as Shelter has claimed, for

9

such testimony would amount to his telling the jury what conclusion to reach.

Moreover, Jolstad will not be permitted to testify that Shelter lacked a legitimate or arguable basis for denial of his claim or acted in bad faith. "The question of whether [an insurer] had an arguable basis for denying the [insured's] claim is an issue of law for the court." Broussard v. State Farm Fire and Cas. Co., 523 F.3d 618, 628 (5th Cir. 2008). Given this, the Fifth Circuit has indicated that experts such as Jolstad may not permissibly offer opinions that an insurer either had or lacked a legitimate or arguable basis for denial of a plaintiff's claim. In GuideOne Elite Ins. Co. v. Mount Carmel Ministries, 676 F. App'x 269 (5th Cir. 2017), the court found that an expert's proposed testimony that the insurer had an arguable basis for denial of coverage was rendered irrelevant by the district court's legal determination that the insurer had an arguable basis for denial. Id. at 281. The court, however, went on to state that the question whether the insurer had an arguable basis for denial "was an issue of law for the court … but experts may render opinions on only factual issues, not legal issues …. Thus, it was not an abuse of discretion for the district court to exclude this testimony." Id. (citations omitted). See also Willis v. Allstate Ins. Co., No. 2:13-CV-60-KS-MTP, 2014 WL 4804396, at *2 (S.D. Miss. Sept. 26, 2014)

10

(excluding proposed expert testimony that insurer had legitimate or arguable reason to deny claim as this was impermissible legal conclusion). And for Jolstad to testify that Shelter General's actions were "willful, and malicious" and "gross, and reckless, and disregarded Haymore's rights" "would amount to simply telling the jury that there was no bad faith, which is likewise impermissible." See also Willis v. Allstate Ins. Co., No. 2:13-CV-60-KS-MTP, 2014 WL 4804396, at *2 (S.D. Miss. Sept. 26, 2014).

Conclusion

Based on all of the foregoing, it is ordered that Shelter's motion to strike Jolstad's testimony is granted in part and denied in part. It is further ordered that their motion to strike his supplemental report is denied.

SO ORDERED this 30th day or March, 2020.

/s/Tom S. Lee_____
UNITED STATES DISTRICT JUDGE