UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLEMIT HAYMORE D/B/A
CT TRUCKING                                                PLAINTIFF

VS.                              CIVIL ACTION NO. 3:19CV365TSL-RHW

SHELTER GENERAL INSURANCE
COMPANY AND SHELTER MUTUAL
INSURANCE COMPANY                                         DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Shelter Mutual Insurance Company (Shelter Mutual) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Clemit Haymore d/b/a CT Trucking has responded in opposition to the motion. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion should be denied as to plaintiff's claim for policy benefits but granted as to his claim for punitive damages.

In June 2017, plaintiff made a claim for benefits under his Shelter Mutual inland marine (cargo) policy for the loss of cargo when his Peterbilt tractor-truck and Timpte hopper trailer full of corn were stolen. Shelter Mutual denied his claim for the reason that theft was not a covered peril under his policy. Plaintiff filed this suit seeking benefits under the policy,

1

which he claims were wrongly denied, and demanding punitive damages for Shelter Mutual's alleged bad faith denial of his claim.

Shelter Mutual claims it is entitled to summary judgment because plaintiff's cargo policy did not list theft as a covered peril, and since theft is not a covered peril under the policy, then plaintiff has no valid claim against Shelter Mutual. Plaintiff contends, though, that the policy is ambiguous with regard to whether theft is a covered peril and that this ambiguity must be construed against Shelter Mutual, so that it is not entitled to summary judgment. Plaintiff further argues that Shelter Mutual's unreasonable delay in its investigation warrants the imposition of punitive damages.

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions

of the record which reveal there are no genuine material fact issues. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Fed. R. Civ. P. 56.

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. See Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. Anderson, 477 U.S. at 250. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. Id. at 250.

Under Mississippi law, "[q]uestions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact finder". In re Estate of Fitzner, 881 So.2d 164, 169 (Miss. 2003). It is thus for the court to determine whether the policy is ambiguous. Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So. 2d 748, 751 (Miss. 2003). In construing an insurance policy, the "'policy must be considered as a whole, with all relevant clauses together'; but, any 'ambiguities must be resolved in favor of the non-drafting party'". S. Ins. Co. v. Affiliated FM Ins. Co., 830 F.3d 337,

3

344 (5th Cir. 2016) (quoting United States Fid. & Guar. Co. of Miss. v. Martin, 998 So. 2d 956, 963 (Miss. 2008)). "'Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage. ... [but] do not exist simply because two parties disagree over the interpretation of a policy.'" Id. (quoting Martin, 998 So. 2d at 963).

In the court's view, the policy is ambiguous with respect to whether it covers theft. The policy lists nine covered perils and six excluded perils; theft is not in either list. Language preceding the list of covered perils states, "We cover your legal liability for direct physical loss to covered cargo caused by…". But this language does not explicitly limit coverage to the listed perils. The list of excluded perils is preceded by the following:

> We do not pay for a loss if one or more of the following excluded perils apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded peril. We do not pay for a loss that results from …

In the case of Arrow Industrial Carriers, Inc. v. Continental Insurance Company of New Jersey, 232 N.J. Super. 324, 556 A.2d 1310 (Law. Div. 1989), the court, considering coverage for a loss resulting from collision under an inland marine policy, observed:

4

> While the policy itemizes eight exclusions from
> coverage as well as eight conditions for coverage, it
> does not expressly indicate that coverage is not
> afforded for cargo damage resulting from a collision
> between the cargo and another object even though there
> is no collision between the conveying vehicle and
> another object.
>
> Rather, Continental seeks to preclude coverage by
> specifying those events for which it is afforded and
> urging that this specification bars coverage for other
> events. In essence, Continental is attempting to
> itemize positive events affording coverage and imply
> from that a negative, that non-itemized events do not
> result in coverage, even though it particularized a
> list of coverage exclusions. That is illogical.

Id. at 329, 556 A.2d at 1313.

Shelter argues that reading the "Perils Covered" and "Perils Excluded" sections together, it is clear that the Perils Excluded section is not an exhaustive list of perils not covered under the Policy. While that may be a reasonable interpretation, it is not the only reasonable interpretation.

Shelter Mutual also argues that plaintiff's application for the subject policy "shows Haymore declined to purchase theft coverage for the cargo, which would have been an additional expense." It does not identify what, specifically, it relies on in the application in support of this contention. Left to its own devices, the court finds nothing in the application itself that could fairly be said to show that plaintiff declined anything. The application, coupled with additional supporting and explanatory evidence, or a more informative citation to the

5

application, might well tend to show that Shelter Mutual's policy form included as an option an endorsement for theft coverage and might also show plaintiff was offered but rejected such an endorsement. However, no such additional and explanatory evidence or citation has been offered.[1]

While Shelter Mutual's motion centers on its contention that theft is not covered under the policy, it adds in a footnote that plaintiff's claimed loss is excluded from coverage because the truck with cargo remained at plaintiff's property for over 72 hours, and the policy, under the "Property Excluded" section, states, "Shelter Mutual does not cover cargo on a vehicle after it has remained at any location for more than 72 hours." The only evidence it cites for this proposition is the policy itself and thus, this defendant has not demonstrated that it is entitled to summary judgment. The court does note that in connection with a separate summary judgment motion by Shelter

---

[1] Such evidence could be relevant in resolving ambiguity in the policy. See Page v. Hudson, 187 So. 3d 1072, 1077 (Miss. Ct. App. 2016) ("If, after considering the four corners of the document, and after applying a meaning more favorable to the non-drafting party, the court determines that the language is ambiguous, only ... then can extraneous evidence of its meaning be considered."); Infinity Ins. Co. v. Patel, 737 So. 2d 366, 369 (Miss. Ct. App. 1998) (stating that "[t]he standard analytical process for contract interpretation is that only if the meaning of a term is ambiguous will resort to extraneous evidence be permitted."); Prudential Ins. Co. of Am. v. Smith, 762 F.2d 476, 480 (5th Cir. 1985) (recognizing that extraneous evidence is admissible to clear ambiguity).

6

Mutual's codefendant, a wealth of evidence has been presented by the parties.  However, it is far from clear from that evidence how long the truck/trailer with cargo was at plaintiff's property before the theft occurred.

For the foregoing reasons, the court will deny Shelter Mutual's motion for summary judgment as to plaintiff's claim for benefits under the policy.  However, the court concludes that Shelter Mutual had a legitimate or arguable reason to deny the claim and is therefore entitled to summary judgment on plaintiff's claim for punitive damages.  See United States Fid. & Guar. Co. of Miss. v. Martin, 998 So. 2d 956, 971 (Miss. 2008) (holding that "an insurance company could legitimately deny coverage under a policy that has ambiguous provisions for coverage").[2]

Based on the foregoing, it is ordered that Shelter Mutual's motion for summary judgment is denied as to plaintiff's claim for policy benefits but granted as to his claim for punitive damages.

SO ORDERED this 30th day of March, 2020.

/s/Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

[2] The court acknowledges plaintiff's assertion that punitive damages are appropriate based on Shelter Mutual's delay in investigation and denial of his claim.  He has offered no evidence that would sustain his burden to prove his allegations in this regard.

7